# UNITED STATES DISTRICT COURT

for the
Western District of Texas
Austin Division

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | )    Case No.  1:20-mj-588-SH |
| Neal Grubert | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

On Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), the Court held a detention hearing and found that detention is warranted. The hearing was held by videoconference, pursuant to the First Supplemental General Order Regarding Emergency Procedures Authorized by the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748, P.L. 116-136, 134 Stat. 281, (CARES Act), Including the Use of Video and Telephonic Conference for Various Criminal Events during the COVID-19 Emergency, entered June 23, 2020 by Orlando L. Garcia, Chief Judge of the United States District Court for the Western District of Texas, and CARES Act § 15002(b)(1). This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Analysis and Statement of the Reasons for Detention

**A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)(E):**

There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed an offense involving a minor victim under 18 U.S.C. § 2251.

**B.  Conclusions Regarding Applicability of Any Presumption Established Above**

The presumption shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion. *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989). The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis.

### Part III – Further Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g), the Pretrial Services Report, and the evidence and arguments of counsel presented at the detention hearing, the Court further concludes that the defendant must be detained pending trial because the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. In addition to any findings made on the record at the detention hearing, the evidence, including the Pretrial Services Report, established that Mr. Grubert has sufficient expertise in computer use and programming that no combination of conditions will reasonably assure the safety of the community, given the nature and circumstances of the alleged offense. In addition, testimony during the hearing established the nature and seriousness of the danger posed by Mr. Grubert to others, specifically, his wife. His detention pending trial therefore is required.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:   July 8, 2020

Susan Hightower
United States Magistrate Judge